IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TINA ARCHER                                                                                                                     PLAINTIFF

vs.                                                    Civil No. 4:24-cv-04001

MARTIN J. O'MALLEY,                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

     Tina Archer ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

     The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

     Plaintiff filed her disability application on June 30, 2020. (Tr. 17).[1] In this application, Plaintiff alleges being disabled due to a missing anterior cruciate ligament (ACL) in the right knee, a damaged posterior cruciate ligament (PCL) in the right knee, chronic obstructive pulmonary disorder (COPD), PTSD, depression, a fusion at L1-S1 with arthritis, a lack of cartilage in the

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 5. These references are to the page number of the transcript itself not the ECF page number.

knee, anxiety, chronic sinus infections, and migraines. (Tr. 195). Plaintiff alleged an onset date of February 15, 2018. (Tr. 17). Plaintiff's application was denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 101-151). This hearing was held on December 5, 2022. (Tr. 34-55). At this hearing, Plaintiff was present, and represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE"), Rigel Macarena Pinon-Sloss testified at the hearing. *Id.*

Following the administrative hearing, on March 29, 2023, the ALJ entered an unfavorable decision. (Tr. 17-28). In this decision, the ALJ determined Plaintiff last met the insured status of the Act on December 31, 2022. (Tr. 19, Finding 1). The ALJ also determined Plaintiff had not engaged in substantial gainful activity ("SGA") from February 15, 2018, through December 31, 2022. (Tr. 19, Finding 2).

The ALJ then determined Plaintiff had severe impairments of degenerative disc disease, osteoarthritis, status-post right knee arthroscopy, contracture of the right knee joint, post-traumatic stress disorder (PTSD), and major depressive disorder. (Tr. 19, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 20, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 22-27). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform to perform sedentary work; including lifting 10 pounds occasionally and less than 10 pounds frequently; carrying 10 pounds occasionally and

less than 10 pounds frequently; sitting for 6 hours, standing and/or walking for a total of 2 hours in an 8-hour work day; pushing/pulling consistent with the lifting/carrying capacity; climbing ramps and stairs occasionally; never climbing ladders, ropes, or scaffolds; balancing, stooping, kneeling, crouching, and crawling occasionally; and further limited to the performance of work where interpersonal contact was routine but superficial. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 27, Finding 6). The ALJ determined Plaintiff was not capable of performing her PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 27, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) security system monitor with approximately 30,000 jobs in the nation, (2) document preparer with approximately 39,000 jobs in the nation, and (3) electronics worker with approximately 19,000 jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act at any time from February 15, 2018, through December 31, 2022. (Tr. 28, Finding 11).

On January 9, 2024, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9, 11. This case is now ready for decision.

**2.**   **<u>Applicable Law:</u>**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision,

the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts

to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.   Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 9. In making this claim, Plaintiff argues the ALJ erred (1) in failing to accommodate for Plaintiff's knee limitations in the RFC determination and (2) in failing to properly evaluate Plaintiff's subjective complaints. *Id.* In response, Defendant argues the ALJ did not err in any of her findings. ECF No. 11.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of December 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE